**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CARL REED,<br><br>Plaintiff.<br><br>v.<br><br>RICHARD ZULEY, TIMOTHY THOMPSON, the CITY OF CHICAGO, NANCY GALASSINI ADDUCI, and COOK COUNTY,<br><br>Defendants. | Case No. 1:23-cv-17186<br><br>Judge John F. Kness<br><br>Magistrate Heather K. McShain |

**PLAINITFF'S MOTION TO QUASH OR MODIFY SUBPOENAS TO BODE CELLMARK, CYBERGENETICS, INDEPENDENT FORENSICS, JESSICA PEARSON, AND ROBERT B. GREIFINGER.**

Plaintiff Carl Reed, by his undersigned counsel, respectfully moves for an order quashing or modifying Defendant's subpoenas to Bode Cellmark, Cybergenetics, Independent Forensics, Jessica Pearson, and Robert B. Greifinger to protect information protected by attorney-client and work-product privileges. In support of his motion, Plaintiff states as follows:

**Background**

On January 22, 2025, counsel for Defendant Zuley served document subpoenas on Bode Cellmark, Cybergenetics, and Independent Forensics. On January 23, 2025, counsel for Defendant Zuley informed Plaintiff that they intended to serve additional document subpoenas on Dr. Jessica Pearson and Dr. Robert B. Greifinger. *See* Group Ex. 1 (Subpoenas).

Bode Cellmark, Cybergenetics, and Independent Forensics were retained by Plaintiff in post-conviction criminal proceedings to conduct forensic testing and analysis. Dr. Jessica Pearson

was also retained by Plaintiff in his post-conviction proceedings to complete a forensic psychological assessment. Dr. Greifinger was also retained by Plaintiff when he was incarcerated to opine on his vulnerability to COVID-19 and the need for his immediate release.

Plaintiff objected to these subpoenas on the basis that they may result in the production of documents that are subject to attorney-client and work-product privilege because they are being served on entities or individuals whom Plaintiff previously retained as experts in litigation. For example, responsive documents may include privileged communications between Plaintiff's counsel and the retained expert, or documents subject to work-product privilege, such as draft reports or other attorney mental impressions.

To address this narrow and specific objection, Plaintiff's counsel suggested that counsel for Defendant Zuley have the subpoenas marked returnable to Plaintiff so that he can conduct a privilege review with a 7- or 14-day turnaround time. Counsel for Plaintiff and Defendants routinely follow this procedure in many cases to ensure the protection of potentially privileged information. In this case, for example, Defendant Zuley issued a subpoena to the Idaho Innocence Project with instructions to return the documents to Plaintiff's attorneys, who would review them for privilege and produce any non-privileged documents. *See* Ex. 2 (Subpoena to IIP) at page 6. Defendants refused to follow a similar process for the subpoenas to Bode Cellmark, Cybergenetics, Independent Forensics, Dr. Jesicca Pearson, and Dr. Robert B. Greifinger, arguing that no privileges applied.

**Legal Standard**

As a matter of federal law, communications and work product shared with retained experts are protected by privileges that apply to lawyer-expert communications. Fed. R. Civ. P. 26(b)(4)(C), (D); *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Cir. 2012); *Sara Lee*

*Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 419-20 (N.D. Ill. 2011). Communications and attorney work product that were shared with retained experts during Plaintiff's post-conviction litigation are also privileged pursuant to Illinois law. *See People v. Spiezer*, 316 Ill. App. 3d 75, 80, 735 N.E.2d 1017, 1020–21 (2000) (work-product doctrine); *People v. Knuckles*, 165 Ill. 2d 125, 131, 135 (1995) (attorney-client privilege). Those privileges, which belong to the client, carry over into subsequent federal litigation. *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006).

Federal Rule of Civil Procedure 45 provides, in part, that a court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Hannon v. City of Prospect Heights*, No. 18 C 2475, 2021 WL 9909725, at *1 (N.D. Ill. June 10, 2021). Plaintiff has standing to move to quash such third-party subpoenas. *See Parker v. Four Seasons Hotels, Ltd*., 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("Instances that fall under the "personal right or privilege" exception and confer standing on a party include the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party.")

**Argument**

Defendant's subpoenas may require the production of documents subject to the attorney-client and work-product privileges relating to the work of Bode Cellmark, Cybergenetics, Independent Forensics, Dr. Jessica Pearson, and Dr. Robert B. Greifinger. Plaintiff does not seek to quash these subpoenas in their entirety, but requests only the narrow relief of being permitted to review responsive documents for privilege before they are produced to Defendant Zuley. Plaintiff's requested relief would protect potentially privileged information while ensuring that Defendants can pursue appropriate third-party discovery.

Plaintiff's requested relief would in no way prejudice Defendant Zuley. Non-privileged documents will be produced promptly, and any documents withheld on the basis of privilege will be recorded in a privilege log. If Defendants contend that any such documents are improperly withheld, they can challenge the assertions of privilege. Indeed, the parties have routinely agreed to follow this procedure with respect to other subpoenas that may result in the production of privileged information. *See, e.g.,* Ex. 2 at 6.

On the other hand, denying Plaintiff's requested relief causes Plaintiff a significant risk of prejudice. Production of privileged information could waive the privilege over documents protected by attorney-client and work-product doctrine. *See Evans v. City of Chicago*, 231 F.R.D. 302, 312 (N.D. Ill. 2005) ("[A]ttorney-client privilege is generally waived when documents are disclosed to third parties."). Privilged communications and draft documents may reveal attorney mental impressions or other sensitive, private information. Moreover, privilege doctrines are designed to ensure that such information is not disclosed so as not to threaten open communication and interfere with the conduct of litigation. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621-22 (7th Cir. 2010); *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). Defendant Zuley's subpoenas are an attempt to make an end-run around these principles by obtaining potentially privileged information without giving Plaintiff the opportunity to protect that information from disclosure.

Defendant Zuley may argue that his subpoenas do not invade a privilege because they are directed to individuals and entities who disclosed reports in litigation. To the extent Defendant's subpoenas encompass final reports that were filed in Plaintiff's post-conviction case or otherwise made public, Plaintiff agrees that those materials are not privileged. But the existence of non-privileged expert materials does not waive or eliminate the privilege that applies to other

undisclosed communications or work product. *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d at 1025; *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 522 (N.D. Ill. 2005) ("[P]artial disclosure of a non-testifying expert's work product does not waive a party's right to withhold production of the expert's undisclosed work product.").

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests this Court quash or modify Defendant Zuley's subpoenas to Bode Cellmark, Cybergenetics, Independent Forensics, Dr. Jesscia Pearson, and Dr. Robert B. Greifinger so that Plaintiff can conduct an appropriate privilege review of such production and thereafter produce all non-privileged materials to Defendants.

DATED: January 29, 2025

/s/ Israa Alzamli
***Counsel for Plaintiff Carl Reed***

Jon Loevy
Heather Lewis Donnell
Israa Alzamli
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900