**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARL REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23 C 17186 |
| | ) |
| RICHARD ZULEY, TIMOTHY | ) Judge John F. Kness |
| THOMPSON, the CITY OF CHICAGO, | ) Magistrate Judge Heather K. McShain |
| COOK COUNTY STATE'S ATTORNEY | ) |
| NANCY GALASSINI ADDUCI, and COOK | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S OPPOSED MOTION FOR SETTLEMENT
CONFERENCE BEFORE MAGISTRATE JUDGE HEATHER K. MCSHAIN**

Defendant City of Chicago ("City"), by its counsel, Burns Noland LLP, moves this Court to schedule a settlement conference as to all claims against Defendants City of Chicago, Richard Zuley, and Geri Lynn Yanow, as Special Administrator of the Estate of Timothy Thompson (collectively, "City Defendants"). In support thereof, Defendant City states:

1.      On October 30, 2024, Judge John Kness referred this case pursuant to Local Rule 72.1 to the calendar of the Honorable Heather K. McShain for the purpose of holding proceedings related to discovery supervision and any settlement matters. Dkt. No. 51.

2.      Since that time, the parties have been engaged in written and oral discovery, including the depositions of several non-party officers and civilian witnesses, Plaintiff's family members, Plaintiff, and two sessions related to Defendant Richard Zuley.

3.      On August 4, 2025, this Court granted the parties' joint motion for a limited extension of fact discovery until September 29, 2025 for the purpose of completing limited discovery outlined in the parties' motion. Dkt. Nos. 133, 130.

4.      The Court set an expert discovery schedule that contemplates the production of rebuttal expert disclosures by January 16, 2026. Dkt. No. 130.

5.      Defendants also intend to move for summary judgment in this case.

6.      On May 30, 2025, Plaintiff submitted a settlement demand to the City of Chicago. In response, the City engaged in good faith negotiations in an effort to resolve the claims against the City Defendants. The parties made meaningful progress and significantly narrowed the gap between their respective positions. However, on September 10, 2025, Plaintiff unexpectedly withdrew his settlement demand, and Plaintiff's counsel indicated an intention to proceed with litigation through trial.

7.      The City seeks this Court's assistance to determine if a resolution can be reached short of costly expert discovery, summary judgment and trial and, accordingly, asks that the Court schedule a settlement conference between the City Defendants and Plaintiff and require the Plaintiff to appear at the conference either in-person or remotely via video-conference (if necessary, due to his health condition as set forth in Dkt. No. 106, at 13).

8.      Plaintiff's counsel objects to any request by the City for a settlement conference. This stands in contrast to his public stance that it is the City who does not engage in settlement discussions, that he wishes the City to bring quick resolutions to cases rather than go to trial, and his accusations that defense counsel for the City unnecessarily lengthens litigation instead of attempting to settle. *See, e.g.,* Andrea Guthmann, "Man Who Served 42 Years for Wrongful Conviction Files Lawsuit Against Chicago, Cook County," WTTW (Oct. 22, 2024) https://news.wttw.com/2024/10/22/man-who-served-42-years-wrongful-conviction-files-lawsuit-against-chicago-cook-county ("Jon Loevy said the right thing for the city to do is quickly seek a resolution, but he's not expecting that to happen. 'What they do is hire defense firms who make millions and millions of dollars in attorney's fees to protract the thing for three, four, five years,' Loevy said.").

9. Plaintiff's counsel also objects to any requirement that Plaintiff, Carl Reed, attend unless Defendant Richard Zuley is also required to appear. However, unlike Defendant Zuley, Plaintiff must approve settlement. Defendant Zuley does not have any authority to settle in a case because the City is the indemnitor. Thus, unlike Plaintiff, Defendant Zuley is not a necessary party to any settlement and therefore need not participate.

WHEREFORE, Defendant City respectfully requests this Court schedule a settlement conference as to all claims against City Defendants at a time convenient to the Court and the parties and require Plaintiff Carl Reed to appear for said conference either in-person (if able) or via teleconference.

Dated: September 18, 2025

Respectfully submitted,

By: */s/ Elizabeth A. Ekl*

Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Dhaviella N. Harris
Burns Noland LLP
311 South Wacker Dr., Suite 5200
Chicago, IL 60606
Tel: (312) 982-0090
Fax: (312) 429-0644
*Attorneys for Defendant City of Chicago*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025, I electronically filed the foregoing Defendant City of Chicago's Opposed Motion for Settlement with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

*s/ Elizabeth A. Ekl*