**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CARL REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  23 C 17186 |
| | ) |
| RICHARD ZULEY, GERI LYNN YANOW, | ) Judge John F. Kness |
| as Special Representative of the ESTATE OF | ) |
| TIMOTHY THOMPSON, the CITY OF | ) Magistrate Judge Heather K. McShain |
| CHICAGO, COOK COUNTY STATE'S | ) |
| ATTORNEY NANCY GALASSINI | ) |
| ADDUCI, and COOK COUNTY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISQUALIFY COUNSEL**
**APPOINTED TO REPRESENT THIRD-PARTY WITNESS, DELONG REED**

Defendants City of Chicago, Richard Zuley, Geri Lynn Yanow, as Special Representative of the Estate of Timothy Thompson, and Nancy Adduci, by their respective undersigned counsel, move this Court to disqualify and excuse appointed counsel, Patrick Blegen, from representing third-party witness, Delong Reed, in this matter. In support thereof, Defendants state:

**INTRODUCTION**

Delong Reed should be afforded independent counsel who is not affiliated and is not connected to any of the parties. Mr. Blegen is affiliated with Loevy & Loevy both as co-counsel in several civil rights cases and as someone who is compensated for referring matters to the Loevy & Loevy firm. Given the facts of this case and the reason Delong has been afforded counsel in this matter, the Court should excuse Mr. Blegen and assign new counsel.

Delong is a crucial witness to the case. Delong was a circumstantial witness to the murder, testified in Plaintiff's criminal trial, and maintains to this day that he observed Plaintiff coming and going from the victim, Mr. Van Vo's, apartment with various items of electronic equipment after Mr.

Van Vo was stabbed to death with a knife and was lying on the floor. The Court's appointment of counsel for Delong came about due to several hours of deposition questioning of Delong by Plaintiff's counsel, Jon Loevy, which included repeated accusations of Delong's involvement in the murder of his neighbor, Mr. Van Vo, and suggestion that the murder investigation is still open, causing Delong to become visibly distressed. The deposition was postponed at Delong's request to allow him to seek relief from the Court after he advised that Plaintiff's counsel was making him feel scared and that he needed his own lawyer at the deposition to protect his rights. *See* Dkt. Nos. 151, 152. Defendants then filed their motion for a hearing to allow Delong to make his request for counsel to the Court.

The Court granted Defendants' motion and held a hearing on October 29, 2025. Dkt. No. 155, 161. Delong was present at the hearing and his request for the Court to appoint counsel to represent him at the deposition was granted. On October 30, 2025, the Court recruited Mr. Blegen, to represent Delong[1]. Dkt. Nos. 161, 162. Following the appointment, Mr. Blegen disclosed his affiliation with Plaintiff's attorneys Loevy & Loevy and provided a list of cases in which he is currently acting as co-counsel with Loevy & Loevy or is a referring attorney to Loevy & Loevy. Mr. Blegen's alignment with Plaintiff's counsel in other similar cases and financial interest in the outcome of other civil rights cases filed by Loevy & Loevy creates an actual conflict that prevents him from providing Delong unimpaired, independent advice in this case. Even if it did not rise to an actual conflict, the affiliation between Mr. Blegen and Loevy & Loevy given what has transpired in this case should prompt the Court to exercise its discretion and assign new counsel in accordance with Local Rule 83.39. As a result, the Court should either disqualify Mr. Blegen from representing Delong Reed or excuse Mr. Blegen and recruit new independent counsel to represent Mr. Reed. The full details of the

---

[1] The Court initially recruited Matthew Madden to represent Delong. Dkt. No. 161. However, Mr. Madden was unavailable to assist due to a scheduled medical procedure and was excused. Dkt. No. 162.

need for Court intervention for Delong are set forth in Defendants' Motion for Hearing to Allow Delong Reed to Seek Relief from the Court. See Dkt Nos. 161, 162.

## BACKGROUND

1. On March 11, 2025, City Defendants located and served Delong with a deposition subpoena. Thereafter, Plaintiff filed a motion for deposition priority, alleging, in part, that Delong's statement to the police was false and the production of police coercion. Dkt. No. 107, 1-2. Plaintiff's motion was granted over Defendants' objection. *See* Dkt. No. 111.

2. Delong's deposition began on July 17, 2025. During Delong's deposition, Plaintiff's counsel repeatedly asked questions suggesting the police had reason to treat Delong as a suspect in the murder. *See* Dkt. Nos. 150, 151, at 4.

3. Plaintiff's counsel also asked numerous questions (over objection) suggesting there is a version of facts the police want Delong to "stick to" and that he should be in fear of prosecution if he does not stick to that version. *Id.*

4. Plaintiff's tactic frightened Delong and prompted him to state that he felt like he needed a lawyer at the deposition to protect his rights. Delong told the parties on the record that he was scared because "everyone else in the room knows the law" and he felt like he should have counsel at the deposition to make sure everything was done legally. *Id.*, at 4-5.

5. On October 14, 2025, Defendants moved for a hearing to allow Delong to seek relief from the court including his request for a court-appointed attorney to represent him for the remainder of his deposition in this matter. Dkt. No. 152.

6. On October 29, 2025, this Court held a hearing related to Defendants' motion. Non-party witness, Delong Reed, was present at the hearing and repeated his request for his own independent counsel for the remainder of his deposition. The Court granted his request. Dkt. No. 161.

3

7. On October 30, 2025, this Court recruited Patrick W. Blegen of Blegen & Associates to represent deponent Delong Reed. Dkt. No. 162.

8. Mr. Blegen thereafter reached out to counsel in this matter to advise:

> While I don't believe these issues represent a conflict, I wanted to let the parties know that there are a handful of cases unrelated to this case where I am either co-counsel with or a referring attorney to Loevy & Loevy. I also am counsel for a post-conviction petitioner in state court in which Ms. Blagg represents the co-petitioner.

Ex. 1, Email from Pat Blegen dated Oct. 30, 2025, at 1:03 PM.

9. After Defendants' counsel inquired as what active cases Mr. Blegen was working (or in which he otherwise currently has a financial interest) with Mr. Loevy and his firm, Mr. Blegen disclosed the following civil rights cases: *Jennifer Del Prete v. Village of Romeoville, et al.,* No. 17-cv-6145; *Allen Robinson v. Frano, et al.,* No. 23-cv-2724[2]; *Harris v. City Of Chicago et al.,* No. 24-cv-3215; as well as "a potential civil rights case in the Central District of Illinois." Ex. 1, Email from Ms. Ekl dated Nov. 5, 2025 at 10:57 AM; response email from Mr. Blegen dated Nov. 6, 2025 at 12:56 PM.

10. Mr. Blegen also disclosed his involvement with the Exoneration Project[3] in the following cases in the Circuit Court of Cook County: *People v. Tremaine Mason*, 09 CR 0685303; *People v. Jason Taylor*, 00 CR 0023601; and *People v. William Finney*, 96 CR 31952. Ex. 1, Emails from Mr. Blegen dated Nov. 6, 2025, at 12:56 PM and Nov. 7, 2025, at 7:48 AM.

---

[2] Defendant City of Chicago is also represented by the law firm Burns Noland LLP in the *Robinson* case.

[3] The Exoneration Project is staffed by a number of attorneys currently employed by Loevy & Loevy and "often collaborate(s) with [] clinic students, interns, and attorneys from the civil rights law firm Loevy & Loevy." https://www.exonerationproject.org/who-we-are/staff/. The Exoneration Project website also lists as its address the firm address for Loevy & Loevy located at 311 N. Aberdeen, 3rd Floor, Chicago, Illinois.

4

## LEGAL ARGUMENT

### 1.      Legal standards governing disqualification for conflicts of interest

Courts possess inherent authority to supervise the conduct of attorneys appearing before them and to disqualify counsel where necessary to preserve the integrity of judicial proceedings and protect clients and the public from conflicts that undermine loyalty, independent judgment, and confidentiality *Healy v. Axelrod Const. Co. Defined Ben. Pension Plan and Trust,* 155 F.R.D. 615, 618 (N.D. Ill. Jun. 3, 1994).

> ABA Model Rule of Prof. Conduct 1.7[4] advises that,
>
> Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1)  the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> > (2)  the representation is not prohibited by law;
> > (3)  the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> > (4)  each affected client gives informed consent, confirmed in writing.

The Committee Comments instruct that "[l]oyalty and independent judgment are essential elements in the lawyer's relationship to a client. Concurrent conflicts of interest can arise from the lawyer's responsibilities to another client, a former client or a third person or from the lawyer's own interests." ABA Committee Comment [1] to ABA Rule 1.7.

---

[4] "Applicable disciplinary rules are the Model Rules adopted by the American Bar Association." L.R. 83.50 (amended May 23, 2014). This language mirrors Illinois S. Ct. Rule of Professional Conduct 1.7.

Disqualification motions require a two-step analysis. The court must consider (1) whether an ethical violation has actually occurred, and (2) if disqualification is the appropriate remedy. *Reuben H. Donnelley v. Sprint Publishing & Advertising,* 1996 WL 99902, at *2 (N.D. Ill. Feb. 29, 1996). The burden is on the moving party to show facts necessitating disqualification. *Lanigan v. Resolution Trust Corp.,* No. 91 C 7216, 1992 WL 350688, at *1 (N.D. Ill. Nov. 23, 1992). When appropriate, disqualification protects the attorney-client relationship by ensuring that clients receive the undivided loyalty of their counsel. *Alexander Proudfoot PLC v. Federal Ins. Co.,* No. 93 C 6287, 1994 WL 110531, at *2 (N.D. Ill. Mar. 30, 1994). While disqualification is often viewed as a drastic measure (particularly in cases where potentially conflicted counsel was chosen by a party), it is warranted when a conflict of interest "materially limits" a lawyer's representation or where the circumstances create a significant risk of trial taint or the appearance of impropriety that erodes public confidence. *See, Lectric Limited v. D G W*, 2017 WL 1149335, at *3 (N.D. Ill. Mar. 27, 2017); *Sherrod v. Berry*, 589 F. Supp. 433, 437 (N.D. Ill. June. 15, 1984). "The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration ... that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." *Commonwealth Ins. Co. v. Stone Container Corp.,* 178 F. Supp.2d 938, 943 (N.D. Ill. 2001) (quoting *Int'l Bus. Machs. Corp. v. Levin,* 579 F.2d 271, 283 (3d Cir. 1978)).

2. **Counsel's Financial Interests with Loevy & Loevy Create a Conflict with Mr. Blegen's Duty to Exert Loyalty and Independent Judgment During His Representation of Delong Reed.**

Here, Defendants are not accusing Mr. Blegen of an ethical violation. Mr. Blegen was recently recruited to represent third-party Delong Reed mid-deposition to provide Delong with independent legal counsel. After being advised of his appointment, Mr. Blegen made defense counsel aware of his business ties with Loevy & Loevy and agreed not to communicate with Delong until this issue is resolved by the Court. However, Mr. Blegen's financial interests, created by his ongoing business

relationship with Loevy & Loevy in similar litigation create a conflict, especially in light of the particular facts of this case. Mr. Loevy advised this Court at the last status hearing of his position in relation to Delong (that he believes Delong was lying when he asserted in his deposition that he observed Carl Reed coming and going from the victim's apartment at the time of his death and lying when he testified that he was not subjected to police coercion). Mr. Blegen's financial alignment with Loevy & Loevy constitutes a personal-interest conflict that materially limits Mr. Blegen's ability to render independent advice to Delong Reed. The conflict is not theoretical. It reaches core representation decisions including advice concerning whether and how to cooperate with the parties to provide testimony responsive to all lawfully posed questions and guidance on the assertion or waiver of any privileges, including whether to adopt positions that might advance Plaintiff's strategy at the expense of Delong's and/or another party's interests. Because the witness' advice channel is potentially skewed by counsel's financial alignment with Mr. Loevy, the risk of biased representation is substantial: Delong's testimony may be shaped by conflicted guidance, discovery may be distorted, and fact-finding compromised.

### 3. The Conflict is Not Curable by Consent.

Even if disclosure were made, this conflict is not reasonably consentable. Mr. Blegen's economic incentives are external, ongoing, and adverse to the witness' interests, undermining the lawyer's ability to provide loyal, independent advice necessary for informed consent in the first instance. Delong's lack of legal acumen was the impetus for his request for appointed counsel. Appointment of unconflicted counsel is the appropriate and least disruptive remedy.

7

**4.    Alternatively, if the Court Finds No Actual Conflict Exists, this Court Should Exercise its Discretion and Appoint New Independent Counsel Who is Not Incompatible with Delong's Interest or Provide Delong an Opportunity to Do So.**

Delong is permitted under Local Rule 83.39 to seek discharge of assigned counsel who is incompatible with his interests. N.D. Local Rule 83.39 (amended May 24, 2013 and Dec. 23, 2016) Rule 83.39 instructs:

> Any party for whom counsel has been assigned shall be permitted to request the judge to discharge that counsel from the representation and to assign another. Such request shall be made promptly after the party becomes aware of the reasons giving rise to the request, or within such additional period as may be permitted by the judge for good cause shown. When such a request is supported by good cause, such as personal incompatibility or a substantial disagreement on litigation strategy between the party and assigned counsel, the judge shall forthwith issue an order discharging and relieving assigned counsel from further representation of the party in the action or appeal.

The Court, in its discretion should find that Mr. Blegen's interests are incompatible with those of Delong. Alternatively, if the Court finds there is no conflict or that the conflict is curable by Delong's consent, Defendants ask that this Court (who can provide an unbiased presentation of Mr. Blegen's affiliation with Loevy & Loevy) advise Delong of Mr. Blegen's affiliations with Loevy & Loevy and allow him to decide if he, nonetheless, wishes to have Mr. Blegen appear as his counsel. Delong sought relief from the Court to provide him with independent counsel who could assist him during Mr. Loevy's continued questioning which in the first session made him scared and tearful. Mr. Blegen's financial interests in pending cases with Loevy & Loevy make him incompatible with Delong's interest in independent counsel.

Undersigned counsel conferred with Mr. Blegen who indicated he does not believe there is a conflict but defers to the Court. Plaintiff takes no position on the relief sought and also defers to the Court.

WHEREFORE, Defendants respectfully request this Court disqualify or excuse Patrick Blegen from representing third-party witness, Delong Reed, in this matter, recruit new conflict-free for Delong Reed, and grant such other and further relief as the Court deems just.

Dated: November 14, 2025                                   Respectfully submitted,


By: */s/ Elizabeth A. Ekl*                                By: */s/ Misha Itchhaporia*
Special Assistant Corporation Counsel                     Special Assistant Corporation Counsel

Terrence M. Burns                                         Steven B. Borkan
Paul A. Michalik                                          Timothy P. Scahill
Daniel M. Noland                                          Misha Itchhaporia
Elizabeth A. Ekl                                          Molly E. Boekeloo
Dhaviella N. Harris                                       Emily Schnidt
Burns Noland LLP                                          Borkan & Scahill, Ltd.
311 South Wacker Dr., Suite 5200                          20 S. Clark St., Suite 1700
Chicago, IL 60606                                         Chicago, IL 60302
Tel: (312) 982-0090                                       Tel: (312) 580-1030
*Attorneys for Defendant City of Chicago*                 *Attorneys for Defendant Richard Zuley*


By: */s/ Michele J. Braun*
One of the Attorneys for Nancy Adduci

Kenneth M. Battle
Michele J. Braun
O'CONNOR & BATTLE, LLP
111 W. Jackson Blvd., Ste. 1700
Chicago, IL 60604
Tel: (312) 786-4600
*Attorneys for Defendant Nancy Adduci*

9

## CERTIFICATE OF SERVICE

I hereby certify that on **November 14, 2025**, I electronically filed the **Defendants' Motion to Disqualify Counsel Appointed to Represent Third-Party Witness, Delong Reed** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

*s/ Elizabeth A. Ekl*