**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARL REED,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ZULEY, TIMOTHY THOMPSON, the CITY OF CHICAGO, NANCY GALASSINI ADDUCI, and COOK COUNTY,<br><br>Defendants. | Case No. 1:23-cv-17186<br><br>Judge John F. Kness<br><br>Magistrate Heather K. McShain |

**<u>DEFENDANT NANCY GALASSINI ADDUCI'S MOTION FOR SUMMARY JUDGEMENT</u>**

Defendant, Nancy Galassini Adduci ("Adduci"), by and through her attorneys Kenneth Battle and Michele Braun of O'Connor & Battle, LLP, and pursuant to Federal Rules of Civil Procedure 56, hereby moves for summary judgement as to Counts I-V and Counts VII-X in Plaintiff's Amended Complaint to the extent those counts attempt to assert a claim against Adduci. In support of this Motion, Adduci states the following:

1. On February 26, 2025, Plaintiff filed his Amended Complaint against Adduci, three Chicago police officers, the City of Chicago and Cook County, alleging that Adduci, while acting individually, jointly, and in conspiracy with the police officers, violated Plaintiff's constitutional rights by (1) fabricating evidence and statements that falsely implicated Plaintiff in the murder of Kim Van Vo ("Van Vo"); (2 forcing Plaintiff to make false statements involuntarily and against his will by using extreme psychological coercion; (3) maliciously prosecuting Plaintiff without any probable cause; (4) failing to intervene to prevent these alleged violations, and (5) conspiring with

the defendant police officers to violate his constitutional rights. *Exhibit A (Amended Complaint), Counts I -IV.* Plaintiff also sets forth related state law claims against Adduci for malicious prosecution, intentional infliction of emotional distress, willful and wanton conduct and civil conspiracy. *Exhibit A (Amended Complaint), Counts V-X.*

2. Adduci is entitled to summary judgment as a matter of law on all of Plaintiffs federal claims under the doctrine of absolute prosecutorial immunity because all of her actions were purely prosecutorial in nature.

3. If the Court should find that absolute prosecutorial immunity does not apply, Adduci is entitled to summary judgment as a matter of law under the doctrine of qualified immunity because Plaintiff has failed to present any evidence that shows Adduci violated his constitutional rights.

4. Adduci is entitled to summary judgment as a matter of law on the malicious prosecution claims in Counts III and VII because, based on the totality of the facts, probable cause existed for a prudent person to believe that Plaintiff committed the crimes with which he was charged, and the record is devoid of any evidence that proves Adduci's decision to approve charges against Plaintiff was malicious.

5. Adduci is entitled to summary judgment as a matter of law on Plaintiff's failure to intervene claim in Count IV because the evidence fails to demonstrate that Adduci knew that a constitutional violation was committed and that she had an opportunity to prevent it from occurring.

6. Adduci is entitled to summary judgment as a matter of law on Plaintiff's state law claim for intentional infliction of emotional distress in Count VIII because her conduct was not extreme or outrageous and did not go beyond all possible bounds of decency to be regarded as intolerable in a civilized community. Moreover, there is not one shred of evidence that proves

Adduci intended to inflict severe emotional distress on Plaintiff or knew that there was a high probability that her actions would cause Plaintiff emotional distress.

7. Adduci is entitled to summary judgment as a matter of law on the civil conspiracy claims alleged in Counts V and X because there is no evidence of an agreement between Adduci and the Defendant Officers to violate Plaintiff's constitutional rights. Moreover, there can be no liability for conspiracy under 42 U.S.C. Sec. 1983 where Plaintiff's constitutional rights were not violated.

8. Adduci is entitled to summary judgment as a matter of law on Plaintiff's willful and wanton conduct/aggravated negligence claim in Count IX because there is no evidence, direct or circumstantial, that shows Adduci acted with a deliberate intention to harm Plaintiff or with a conscious disregard for his welfare.

WHREFORE, for the reasons stated in this Motion and in Adduci' Memorandum of Law and supporting Statement of Undisputed Facts, Adduci respectfully prays that this Court enters summary judgment in her favor on Counts I-V and VII-X In Plaintiff's Amended Complaint and for such further relief that this Court deems just and equitable.

Respectfully Submitted,

NANCY GALASSINI ADDUCI

/s/*Michele J. Braun*_______

Kenneth M. Battle
Michele J. Braun
O'CONNOR & BATTLE, LLP
111 W Jackson, Blvd., Suite 1700
Chicago, IL 60604
312-786-4600
kbattle@mokblaw.com
mbraun@mokblaw.com

## CERTIFICATE OF SERVICE

I, Michele J. Braun, an attorney, certify that a copy of the attached instrument was served via electronic case filing on all parties of record, on this 24th day of August 2026.

/s/ Michele J. Braun

Kenneth M. Battle
Michele J. Braun
O'CONNOR & BATTLE, L.L.P.
20 N. Clark St., Suite 1600
Chicago, IL 60602
312-422-9400
kbattle@mokblaw.com
mbraun@mokblaw.com